O. M. NICHOLS, APPELLANT, v. CLAUDE THOMAS, RESPONDENT.—96 S. W. (2d) 1055.

Kansas City Court of Appeals.   October 5, 1936.

*Wm. J. Leahy, Patrick H. Slattery, Walter E. Walsh* and *Hume & Raymond* for appellant.

*Theo. C. Anderson* for respondent.

SPERRY, C.—The plaintiff owned and operated a restaurant in Kansas City. He sold the business and equipment thereof to the defendant for $850, $250 of which was cash, the balance was evidenced by the defendant's note. The note was secured by chattel mortgage on the equipment and an automobile owned by defendant. Default was made in the payment of the note and thereupon plaintiff brought this action in replevin to recover possession of the property covered by chattel mortgage. The defendant filed a counterclaim in which it was alleged that the plaintiff falsely and fraudulently represented that the average daily receipts of the business of the restaurant were $22.50 to $25; that defendant relied upon said representations and was induced thereby to make the purchase; that in truth the "business only averaged from $6.50 to $11.35 a day." The court directed a verdict for plaintiff for possession of the property and submitted the question of the damage claimed in the counterclaim to the jury. The jury found for the defendant on his counterclaim in the sum of $500. The plaintiff has appealed.

Plaintiff's first point is that the court erred in refusing to direct verdict in his favor on the defendant's counterclaim. In support of this contention plaintiff says that there was no evidence tending to show that the alleged representations concerning the daily earnings of the business were false. No other suggestion is made in support of this point. The evidence shows that plaintiff did not keep books. His daily business was recorded on the roll of his adding machine. After the defendant took over the business he examined the roll of the adding machine which plaintiff was using at the time of the sale. As shown thereon the business averaged from $6.50 to $11.35 a day, except that on one day the amount was $18 and some cents. The plaintiff denied that he made the alleged representations and testified that the business averaged from $18 to $20 a day. There was ample evidence from which the jury could find that such representations were in fact made by plaintiff. The jury so found and this finding of fact is binding upon this court. There was evidence to the effect that if the business produced a daily volume of $22.50 to $25 it was reasonably worth $850, and if the volume was $6.50 to $11.35 the business had no cash value. It is plain, we think, that the evidence was sufficient to support the allegations of the counterclaim. The point is ruled against the plaintiff.

The next point is that the court erred in giving defendant's Instruction No. 2 as modified. The instruction allowed a verdict for the defendant on his counterclaim without requiring the jury to find that plaintiff knew that the representations which he made were false, or that he made them with a reckless disregard as to whether they were true or false.

The plaintiff testified that he had been conducting the restaurant for several years immediately preceding the day of the sale; that the volume of business was $18 to $20 a day. By his own evidence he admitted the falsity of the representations which the jury has found were made. To require the submission to the jury, and a finding by it, of a fact inescapably proven by the admission of the party complaining, who is also a party to the suit, would be and is too thin a technicality for serious consideration. He knew the amount produced by the business. If he made a representation that the volume was $22.50 to $25 a day he knew that the representation was false and it was therefore unnecessary to submit to the jury the question of plaintiff's knowledge concerning the truth or falsity of the representation. [Becker v. Thompson et al., 76 S. W. (2d) 357, 362.] This point is also ruled against the plaintiff. The plaintiff has not called attention to error in the record and we have limited our discussions of the case to the points presented by him. The judgment is affirmed. *Campbell, C.,* concurs.

PER CURIAM:—The foregoing opinion of SPERRY, C., is adopted as the opinion of the court. Judgment is affirmed. All concur.